UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------------X

MARIO CHANTES,                                    Case No.:

                Plaintiff,

-against-                                         **COMPLAINT**

9300 REALTY, INC.,

                Defendant.
-------------------------------------------------------------X

      Plaintiff MARIO CHANTES ("Plaintiff"), by and through his attorneys, White, Nisar & Hilferty, LLP, upon their knowledge and belief, and as against 9300 Realty, Inc. ("Defendant"), allege as follows:

## NATURE OF THE ACTION

      1.     This action is brought to remedy unpaid wages and overtime wages in violation of the Fair Labor Standards Act ("FLSA") and New York Labor Law ("NYLL").

      2.     Defendant's actions were unlawful and Plaintiff seeks injunctive and declaratory relief, monetary, compensatory and punitive damages, liquidated damages, interest, attorneys' fees, costs, and other appropriate legal and equitable relief pursuant to the FLSA and NYLL, and such other further relief as this Court deems necessary and proper.

## JURISDICTION AND VENUE

      3.     Jurisdiction of this Court is proper under 28 U.S.C. 1331, because the matter in controversy is a civil action arising under the Constitution, laws or treaties of the United States.

      4.     Supplemental jurisdiction over Plaintiff's state law claims is proper under 28 U.S.C. 1367.

5. Venue of this action in the Southern District of New York under 28 U.S.C. 1391 is appropriate as Defendant maintain their principal place of business within the district, and as the Eastern District is the judicial district where a substantial part of the events or omissions giving rise to the claim occurred. Further, Defendant employed the Plaintiff in this district.

## PARTIES

6. Plaintiff Mario Chantes is an individual residing in New York County, New York.

7. Defendant is a domestic business corporation organized and existing under the laws of the State of New York, with its principal place of business at 740 Broadway, New York, New York 10003.

8. At all times relevant to this action, Defendant was an enterprise engaged in interstate commerce within the meaning of the FLSA, insofar that it: (1) has had employees engaged in commerce or in the production of goods for commerce, and handles, sells, or otherwise works on goods or materials that have been moved in or produced for commerce by any person; and (2) has had annual gross volume of sales not less than $500,000.00.

9. At all times relevant to this action, Defendant was an "employer" of Plaintiff within the meaning of the FLSA and NYLL.

10. At all times relevant to this action, Plaintiff was an "employee" of Defendant within the meaning of the FLSA and Labor Law, entitled to protection.

## **FACTUAL ALLEGATIONS**

11. In 2006, Defendant hired Plaintiff as a Building Superintendent. Defendant employed Plaintiff as a Building Superintendent for 11 years. Defendant paid Plaintiff an hourly rate of $17.00.

12. On September 30, 2017, Defendant terminated Plaintiff's employment.

13. From September 30, 2014 to September 30, 2017, Plaintiff's weekly schedule, as set by Defendant, was 11 hours per day for five days during the work week. In addition, Plaintiff worked six hours on Sundays. Accordingly, Plaintiff worked approximately no less than 61 hours per week.

14. During Plaintiff's entire employment tenure, Defendant paid him approximately zero overtime wages, solely paying Plaintiff his pay rate for only 40 hours per week.

15. Defendant intentionally refused to pay Plaintiff overtime wages during his employment tenure.

16. Defendant failed to provide notification, either in form of posted notices or other means, regarding overtime and wages under the FLSA and NYLL.

17. Defendant failed to provide Plaintiff with notification of his rate of pay, employer's regular pay day, and such other information as required by NYLL 195(1).

18. Defendant failed to provide Plaintiff with a statement of wages with each payment of wages, as required by NYLL 195(3).

19. Defendant did not require Plaintiff to keep track of his time, nor did Defendant utilize any time tracking device that accurately reflected his actual hours worked.

20. Accordingly, due to Defendant's unlawful actions, Plaintiff is owed by Defendant lawful overtime wages for every hour worked over 40 in a workweek, plus all statutory damages

associated with these unpaid overtime wages, failure to maintain accurate records, provide notices and wage statements.

## FIRST CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS OF THE FLSA)

21. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

22. Defendant, in violation of 29 U.S.C 207(a)(1), failed to pay Plaintiff overtime compensation at a rate of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a work week.

23. Defendant willfully failed to pay Plaintiff overtime compensation, within the meaning of 29 U.S.C. 255(a).

24. Plaintiff suffered damages in an amount to be determined at trial.

## SECOND CAUSE OF ACTION
### (VIOLATION OF THE OVERTIME PROVISIONS THE OVERTIME PROVISIONS OF THE NEW YORK STATE LABOR LAW)

25. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

26. Defendant, in violation of N.Y. Labor Law 190 *et seq.*, and supporting regulations of the New York State Department of Labor, failed to pay Plaintiff overtime compensation at rates of one and one-half times the regular rate of pay for each hour worked in excess of 40 hours in a work week.

27. Defendant failed to pay Plaintiff in a timely fashion, as required by Article 6 of the NYLL.

28. Defendant willfully failed to pay Plaintiff overtime compensation, within the meaning of NYLL 663.

29. Plaintiff suffered damages in an amount to be determined at trial.

### THIRD CAUSE OF ACTION
### (VIOLATION OF THE SPREAD OF HOURS WAGE ORDER OF THE NEW YORK COMMISSIONER OF LABOR)

30. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

31. Defendant failed to pay Plaintiff one additional hour's pay at the basic minimum wage rate before allowances for each day Plaintiff's spread of hours exceed 10 hours in violation of NYLL 190 et seq. and 650 et seq. and the wage order of the New York Commissioner of Labor codified at N.Y. COMP. CODES R. & REGS. Tit. 12 146-1.6 (a) (2009).

32. Defendant willfully failed to pay Plaintiff an additional hour's pay for each day Plaintiff's spread of hours exceeded 10 hours within the meaning of NYLL 663.

33. Plaintiff suffered damages in an amount to be determined at trial.

### FOURTH CAUSE OF ACTION
### (VIOLATION OF THE NOTICE AND RECORDKEEPING REQUIREMENTS OF THE NEW YORK LABOR LAW)

34. Plaintiff repeats and re-alleges all paragraphs above as though fully set forth herein.

35. Defendant failed to provide Plaintiff with a written notice containing: the rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; allowances, if any, claimed as part of the minimum wage, including tip, meal, or lodging allowances; the regular pay day designated by the employer; the name of the employer; "doing business as" names used by the employer; the physical address of the employer's main office or principal place of business, and a mailing address if different; and the telephone number of the employer, as required by the NYLL 195(1).

36. Defendant is liable to Plaintiff in the amount of $5,000.00, together with costs and attorneys' fees.

## EIGHTH CAUSE OF ACTION
### (VIOLATION OF THE WAGE STATEMENT PROVISIONS OF THE NEW YORK LABOR LAW)

37. Plaintiff repeats and re-alleges all paragraphs above as though set forth fully herein.

38. With each payment of wages, Defendant failed to provide Plaintiff with a statement listing each of the following: the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates o pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; deductions; allowances, if any, claimed as part of the minimum wage; net wages; the regular hourly rate or rates of pay; the overtime rate or rates of pay; the number of regular hours worked; and the number of overtime hours worked, as required by NYLL 195(3).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff respectfully requests that this Court enter judgment against Defendant by:

(a) Declaring that Defendant violated the minimum wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(b) Declaring that Defendant violated the overtime wage provisions of, and associated rules and regulations under, the FLSA as to Plaintiff;

(c) Declaring that Defendant violated the recordkeeping requirements of, and associated rules and record regulations under, the FLSA with respect to Plaintiff's compensation, hours, wages, and any deductions or credits taken against wages;

(d) Declaring that Defendant willfully violated the provisions of the FLSA as to Plaintiff;

(e) Awarding Plaintiff damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable;

(f) Awarding Plaintiff liquidated damages in an amount equal to 100% of their damages for the amount of unpaid minimum and overtime wages, and damages for any improper deductions or credits taken against wages under the FLSA as applicable pursuant to 29 U.S.C. 216(b);

(g) Declaring that Defendant violated the overtime wage provisions of, and rules and orders promulgated under the NYLL as to Plaintiff;

(h) Declaring that Defendant violated the Spread of Hours Wage Order of the New York Commission of Labor as to Plaintiff;

(i) Declaring that Defendant violated the notice and recordkeeping requirements of the NYLL with respect to Plaintiff's compensation, hours, wages and/or any deductions or credits taken against wages;

(j) Declaring that Defendant willfully violated the NYLL and Spread of Hours Wage Order as to Plaintiff;

(k) Awarding Plaintiff damages for the amount of unpaid overtime wages, and for any improper deductions or credits taken against wages, as well as awarding spread of hours pay under the NYLL, as applicable;

(l) Awarding Plaintiff damages for Defendant's violation of NYLL notice and recordkeeping provisions, pursuant to NYLL 198 (1-b), 198 (1-d);

(m) Awarding Plaintiff liquidated damages in an amount equal to 100% of the total amount of spread of hours pay, and overtime compensation shown to be owed pursuant to NYLL 663, as applicable; and liquidated damages pursuant to NYLL 198(3);

(n) Awarding Plaintiff pre-judgment and post-judgment interest as applicable;

(o) Awarding Plaintiff the expenses incurred in this action, including costs and attorneys' fees;

(p) Providing that if any amounts remain unpaid upon the expiration of 90 days following the issuance of judgment, or 90 days after expiration of the time to appeal and no appeal is then pending, whichever is later, the total amount of judgment shall automatically increase by 15%, as required by NYLL 198 (4); and

(q) All such other and further relief as the Court deems just and proper.

Dated: New York, New York
August 6, 2018

White, Nisar & Hilferty, LLP

By: _____
Nina Alexandra Ovrutsky
(NO6911)
*Attorneys for Plaintiff*
570 Lexington Avenue, 16th Fl.
New York, NY 10022
(212) 600 – 9534

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---------------------------------------------------------------x

MARIO CHANTES,

                Plaintiff,                 **Case No.:**

- against –

9300 REALTY, INC.,                       **VERIFICATION**

                Defendant.

---------------------------------------------------------------x

MARIO CHANTES, pursuant to the provisions of 28 U.S.C. 1746, declares the following under penalty of perjury that the foregoing is true and correct:

1. I am the Plaintiff herein.

2. I have read the foregoing Complaint and know the content thereof, that the same is of my own knowledge except as to the matters therein stated upon information and belief; and that as to those matters, I believe the same to be true.


Executed :    New York, New York
                July 12, 2018

                                                                 _____
                                                                 Mario Chantes